IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

TRACY FERGUSON )
    Plaintiff, )
)
v. ) Civil Action No. TMD 11-01193M
)
)
CAROLYN COLVIN, )
Acting Commissioner of Social Security, )
)
    Defendant. )

MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

Tracy Ferguson ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C.§§ 401-433, 1381-83(c). Before the Court are Plaintiff's Motion for Summary Judgment (Pl.'s Mot. Summ., ECF No. 15) and Defendant's Motion for Summary Judgment. (Def.'s Mot. Summ., ECF No. 17). No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons presented below, Defendant's Motion for Summary Judgment is GRANTED.

I. Procedural History

Plaintiff filed her applications on January 16, 2007 alleging disability since March 1,

2001[1] due to "back, legs, hips, neck injury [and] arm." R. at 14, 103-04, 112. Her claims were denied initially and on reconsideration. R. at 65, 66-67, 68-69, 70-71. On June 18, 2009, a hearing was held before an administrative law judge ("ALJ") at which Plaintiff and a vocational expert ("VE") testified. R. at 25-54. Plaintiff was represented by counsel. In a decision dated September 16, 2009, the ALJ denied Plaintiff's request for benefits. R. at 11-24. The Appeals Council denied Plaintiff's request for review rendering the ALJ's decision the final decision subject to judicial review. R. at 1-3.

## II. ALJ's Decision

The ALJ evaluated Plaintiff's claims for DIB and SSI using the sequential processes set forth in 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ determined that Claimant had not engaged in substantial gainful activity since her alleged onset date. At step two, the ALJ determined that Claimant suffered from the following severe impairments: degenerative disc disease and lumbar radiculopathy. At step three, the ALJ found that her impairments did not meet or equal the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1. The ALJ concluded at step four that Plaintiff is unable to perform her past relevant work. At step five, the ALJ concluded that, given her residual functional capacity ("RFC"), Claimant was

---

[1] As the ALJ points out, Plaintiff previously filed applications for benefits alleging disability since March 1, 2001 which were denied by an ALJ on June 13, 2006. Plaintiff subsequently appealed to this Court and the denial was affirmed by decision dated June 10, 2008. *Ferguson v. Astrue*, PWG 07-397 (D. Md. June 10, 2008) (attached as ECF No. 17-2). Accordingly, the period from March 1, 2001 through June 13, 2006 is not at issue here. Plaintiff must prove she was disabled on or prior to December 31, 2006 – her Date Last Insured ("DLI"). To be entitled to SSI benefits, Plaintiff must show that she was disabled between January 16, 2007, the date she filed his application for SSI benefits, and September 16, 2009, the date of the ALJ's decision, *see* 20 C.F.R. §§ 416.330, 416.335, and 416.1476(b)(1).

capable of performing jobs that existed in significant numbers in the national economy. Accordingly, he concluded that Claimant was not disabled. R. at 11-24.

### III. Standard of Review

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id*.

### IV. Discussion

Plaintiff argues that the ALJ erroneously assessed her RFC and credibility.

A. RFC

Plaintiff puts forth what is essentially a boilerplate argument with respect to her RFC. She simply asserts that the ALJ failed to set forth a narrative discussion setting forth how the

3

evidence supported each finding in his RFC assessment. Plaintiff makes no attempt to demonstrate what evidence in the record would lead to a more restrictive RFC, yet it is well-established that the claimant bears the burden of proof at steps one through four of the sequential evaluation. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n. 5 (1987).

> The ALJ found Claimant to have the following RFC:
>
> sedentary work . . . She can perform no activities involving climbing of ropes, ladders or scaffolds. She needs a sit/stand option in which she is not required to stand for more than 20-30 minutes before alternating to sitting, and sitting no more than 20-30 minutes before standing. She requires a cane for ambulation. She can perform stooping on an occasional basis. She should avoid concentrated exposure to environmental pollutants due to asthma. Because of right shoulder pain she should avoid above-shoulder lifting or above-shoulder constant reaching with her right (dominant) upper extremity. She has moderate difficulties in concentration, persistence, or pace due to pain and the side effects of medication, limiting her to unskilled tasks.

R. at 21. In short, the Court disagrees that the ALJ did not abide by the regulations in making this formulation. For example, while the ALJ noted Claimant's complaints of asthma, he noted that the evidence demonstrated that her condition was stable and that she does not have frequent exacerbations. R. at 18. He also noted that although the condition was not severe, it was taken into account for purposes of the RFC. As indicated above, the ALJ specifically included a restriction that Claimant "should avoid concentrated exposure to environmental pollutants due to asthma." In addition, the ALJ thoroughly reviewed the evidence relating to Claimant's requirement of using a cane. R. at 23. He noted that the evidence did not support a finding that she was required to use one and that one was not prescribed but purchased by her mother at a drugstore. R. at 23 *citing* R. at 148. The ALJ concluded that the cane assisted Claimant in her in walking

but was not required to help her stand. R. at 23. Accordingly, he included such a limitation in his RFC above. The ALJ conducted a thorough review of the medical evidence in the record including x-rays, MRI's, and physician treatment notes. He noted normal x-rays of Claimant's right hip and both knees as well as an MRI which showed only a mild annular disc bulge at L4-5 and L5-S1 without stenosis or herniation. R. at 19, 297, 368-69. He also noted an MRI of her right shoulder showed minimal changes of tendinosis and a normal MRI of her left knee. R. at 17, 342-44. Plaintiff does not dispute these findings nor point to any evidence which would contradict them. Indeed, as the Commissioner points out, Plaintiff does not point to a single piece of evidence that would undermine the RFC. Plaintiff's argument is rejected.

      B. Credibility

Plaintiff also argues that the ALJ erred in finding Claimant not credible. The Court disagrees. The regulations describe a two-step process for evaluating symptoms. *See* 20 C.F.R. §§ 404.1529 and 416.929; *see also,* SSR 96-7p; *Craig v. Chater,* 76 F.3d 585, 592-96 (4th Cir.1996). The ALJ must first consider whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the individual's pain or other symptoms. If such an impairment is established, the ALJ must then evaluate the intensity, persistence, and limiting effects of the symptoms to determine the extent to which they limit the individual's ability to do basic work activities. The latter step requires consideration of both the objective medical evidence and subjective evidence of a claimant's pain or other symptoms, and, while objective medical evidence may be "crucial" in evaluating

the intensity, persistence, and limiting effects of symptoms, *Craig v. Chater*, 76 F.3d at 595, subjective complaints may not be discredited solely because they lack objective support. *Hines v. Barnhart*, 453 F.3d 559, 565 (4th Cir. 2006).

Examination of the record in this case establishes that the ALJ applied the proper standard in evaluating Plaintiff's subjective complaints. He found that Plaintiff had medically determinable impairments that could reasonably be expected to cause the alleged symptoms but that her statements concerning the intensity, persistence and limiting effects of those symptoms were not credible to the extent inconsistent with the RFC. R. at 21. In proceeding to the second step of the analysis, the ALJ clearly considered the evidence in the record and found the objective evidence including the evidence discussed above which were largely normal findings did not support her allegations of pain. He noted inconsistencies throughout his opinion including allegations of neck pain, yet no treatment for such pain. R. at 18. He also noted that if her allegations of pain were credible, one would expect to see; for example, weight loss, acute distress, atrophy from inactivity or consistent prescription of opiates or other narcotic medication. R. at 20. Finally, her activities of daily living were also inconsistent with her disabling allegations of pain. R. at 20

## V. Conclusion

Based on the foregoing, Defendant's Motion for Summary Judgment is GRANTED. A separate order shall issue.

Date: August 19, 2013            _____/s/_____
                                 THOMAS M. DIGIROLAMO
                                 United States Magistrate Judge